UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASCENTIUM CAPITAL LLC, | No. 2:19-cv-01674-TLN-CKD |
| Plaintiff, | |
| v. | ORDER AND |
| ROTCEH COLON MALDONADO, | FINDINGS AND RECOMMENDATIONS |
| Defendant. | |

INTRODUCTION

Presently pending before the court is plaintiff Ascentium Capital LLC's motion for default judgment against defendant Dr. Rotceh Colon Maldonado. (ECF No. 8.) Defendant failed to file an opposition to plaintiff's motion in accordance with Local Rule 230(c). At the hearing on the motion held on December 18, 2019, plaintiff's counsel appeared telephonically and defendant did not appear.

BACKGROUND

The background facts are taken from plaintiff's complaint, unless otherwise noted. (See Plaintiff's Complaint, ECF No. 1 ["Compl."].)

In July 2017 plaintiff made a commercial loan to defendant to purchase a Coolsculpting Device. (Compl. ¶ 7.) Pursuant to the finance agreement defendant was to make sixty monthly payments of $3,334.90, until the loan was satisfied. (Id.) Defendant stopped making payments

1

on March 1, 2019 and has not made a payment since that date. (Id. ¶ 9.) On August 7, 2019, plaintiff sent defendant a letter entitled, "NOTICE OF DEFAULT AND ACCELERATION" outlining defendant's payments that were past due, and accelerating the remaining balance to be due immediately as permitted by the agreement. (Id. at 11-12.)

Plaintiff commenced this action on August 27, 2019, alleging only one count: breach of the finance agreement. (Compl. at 1.) Defendant was personally served in Puerto Rico on September 7, 2019.[1] Defendant has not answered or appeared. On October 2, 2019, plaintiff requested an entry of default, which the Clerk of Court granted the same day. (ECF Nos. 6, 7.) Plaintiff filed the present motion for default judgment on November 8, 2019. (ECF No. 8.) Following the hearing on December 18, 2019, the court ordered plaintiff to provide additional briefing regarding how it reached its damages calculation, which plaintiff subsequently filed. (ECF Nos. 13, 14.)

LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend against the action. See Fed. R. Civ. P. 55(a). However, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986)). Instead, the decision to grant or deny an application for default judgment lies within the district court's sound discretion. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). In making this determination, the court considers the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

---

[1] The case is before this court pursuant to a forum-selection clause in the parties' contract. "Forum selection clauses are presumed to be valid, even in default judgment cases." Calix, Inc. v. Alfa Consult, S.A., 2015 WL 3902918, at *3 (N.D. Cal. June 24, 2015).

2

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  Default judgments are ordinarily disfavored.  Id. at 1472.

As a general rule, once default is entered, well-pleaded factual allegations in the operative complaint are taken as true, except for those allegations relating to damages.  TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam) (citing Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam)); accord Fair Housing of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002).  In addition, although well-pleaded allegations in the complaint are admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default."  Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)); accord DIRECTV, Inc. v. Hoa Huynh, 503 F.3d 847, 854 (9th Cir. 2007) (noting that a defendant does not admit facts that are not well-pled or conclusions of law); Abney v. Alameida, 334 F. Supp. 2d 1221, 1235 (S.D. Cal. 2004) ("[A] default judgment may not be entered on a legally insufficient claim.").  A party's default does not establish the amount of damages.  Geddes, 559 F.2d at 560.

DISCUSSION

Appropriateness of the Entry of Default Judgment Under the Eitel Factors

1. *Factor One: Possibility of Prejudice to Plaintiff*

The first Eitel factor considers whether the plaintiff would suffer prejudice if default judgment is not entered, and such potential prejudice to the plaintiff militates in favor of granting a default judgment.  See PepsiCo, Inc., 238 F. Supp. 2d at 1177.  Here, plaintiff would face prejudice if the court did not enter a default judgment, because plaintiff would be without another recourse against defendant.  Accordingly, the first Eitel factor favors the entry of a default judgment.

2. *Factors Two and Three: The Merits of Plaintiff's Substantive Claim and the Sufficiency of the Complaint*

The court considers the merits of plaintiff's substantive claim and the sufficiency of the complaint together because of the relatedness of the two inquiries.  The court must consider

whether the allegations in the complaint are sufficient to state a claim on which plaintiff may recover. See Danning, 572 F.2d at 1388; PepsiCo, Inc., 238 F. Supp. 2d at 1175.

"[T]he elements of a cause of action for breach of contract are (1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to plaintiff." E.D.C. Techs., Inc. v. Seidel, 216 F. Supp. 3d 1012, 1015 (N.D. Cal. 2016) (quoting Oasis West Realty, LLC v. Goldman, 51 Cal.4th 811, 821 (2011)). Plaintiff has adequately pleaded the existence of the contract, plaintiff's performance, defendant's breach, and plaintiff's resulting damages. (Compl. ¶¶ 7-10.)

Accordingly, the second and third Eitel factors favor the entry of a default judgment.

### 3. *Factor Four: The Sum of Money at Stake in the Action*

Under the fourth factor cited in Eitel, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." PepsiCo, Inc., 238 F. Supp. 2d at 1176-77; see also Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 500 (C.D. Cal. 2003). In this case, plaintiff is requesting $142,457.61, which includes $138,403.31 for the principal-loan amount, late fees of $1,536.80, and attorneys' fees of $2,517.50. The sum in question was contemplated by the contract defendant signed, is the direct loss as a result of defendant's breach, and is not out of proportion to the seriousness of defendant's conduct. Therefore, the sum of money at stake does not preclude the entry of a default judgment.

### 4. *Factor Five: The Possibility of a Dispute Concerning Material Facts*

The court may assume the truth of well-pleaded facts in the complaint following the clerk's entry of default, and defendant has not appeared. Thus, there is no likelihood that any genuine issue of material fact exists. See, e.g., Elektra Entm't Group Inc. v. Crawford, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists"); accord Philip Morris USA, Inc., 219 F.R.D. at 500; PepsiCo, Inc., 238 F. Supp. 2d at 1177. As such, the court concludes that the fifth Eitel factor favors a default judgment.

/////

1                     5.      *Factor Six: Whether the Default Was Due to Excusable Neglect*

In this case, there is no indication in the record that defendant's default was due to excusable neglect. Despite having been served with plaintiff's complaint, the request for entry of default, and the instant motion for default judgment, defendant failed to appear. (ECF Nos. 5, 6, 8.) Thus, the record suggests that defendant has chosen not to defend himself in this action, and that the default did not result from excusable neglect. Accordingly, this <u>Eitel</u> factor favors the entry of a default judgment.

                    6.      *Factor Seven: The Strong Policy Underlying the Federal Rules of Civil Procedure Favoring Decisions on the Merits*

"Cases should be decided upon their merits whenever reasonably possible." <u>Eitel</u>, 782 F.2d at 1472. However, district courts have concluded with regularity that this policy, standing alone, is not dispositive, especially where a defendant fails to appear or defend itself in an action. <u>PepsiCo, Inc.</u>, 238 F. Supp. 2d at 1177; <u>see also</u> <u>Craigslist, Inc. v. Naturemarket, Inc.</u>, 694 F. Supp. 2d 1039, 1061 (N.D. Cal. 2010). Accordingly, although the court is cognizant of the policy in favor of decisions on the merits—and consistent with existing policy would prefer that this case be resolved on the merits—that policy does not, by itself, preclude the entry of default judgment.

In sum, upon consideration of all the <u>Eitel</u> factors, the court concludes that plaintiff is entitled to a default judgment against defendant and recommends that such a default judgment be entered. All that remains is a determination of the specific relief to which plaintiff is entitled.

    <u>Terms of the Judgment to be Entered</u>

After determining that a party is entitled to entry of default judgment, the court must determine the terms of the judgment to be entered. <u>See</u> <u>Craigslist, Inc.</u>, 694 F. Supp. 2d at 1061.

Plaintiff's motion for default judgment requests damages in the amount of $142,457.61, reflecting the principal amount of $138,403.31; late fees in the amount of $1,536.80; and attorneys' fees and costs of $2,517.50. (ECF No. 8-1 at 7-8.)

After additional briefing from plaintiff, the court concludes that plaintiff's request for $142,457.61 is the amount contemplated in the contract entered between the parties, plus

attorneys' fees and costs, and is therefore supported by the evidence plaintiff provided in its motion for default.  Under the contract, plaintiff was entitled to accelerate the amount due to be payable immediately and, also pursuant to the agreement, plaintiff discounted the amount owed to present value.  (See Compl. at 9, ECF No. 14 at 2.)  Additionally, the agreement provides that plaintiff is entitled to attorneys' fees and costs as a result of defendant's loan default.  (Compl. at 9.)  Accordingly, the court recommends plaintiff be awarded $142,457.61.

CONCLUSION

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for default judgment (ECF No. 8) be GRANTED.

2. Judgment be entered in plaintiff's favor and against defendant.

3. Plaintiff be awarded $142,457.61.

4. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Additionally, IT IS HEREBY ORDERED that within five days after these findings and recommendations are filed, plaintiff shall serve a copy of these Findings and Recommendations on defendant by mail at the address where service of process was effected, or at any more recent address known to plaintiff, and shall file a proof of such service forthwith.

Dated:  January 9, 2020

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

16 asce.1674

6